JORGE L. SANCHEZ, ESQ,
Nevada Bar No. 10434
SANCHEZ LAW GROUP, LTD.
930 South Fourth Street, Suite 211
Las Vegas, Nevada 89101
Phone (702) 635-8529
Attorneys for Debtors,

# UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| In re: ) | **CHAPTER 13** |
| ) | |
| Mario Membreno Mendoza and ) | **CASE NO:** 09-17027-mkn |
| Paula Membreno ) | |
| Debtors. ) | **DATE: June 18, 2009** |
| ) | **TIME: 3:30 p.m.** |

**MOTION TO VALUE COLLATERAL, "STRIP OFF" AND MODIFY RIGHTS OF BANK OF AMERICA PURSUANT TO 11 U.S.C. § 506(a) and 1322 §**

COMES NOW, Debtors, Mario Membreno Mendoza and Paula Membreno (hereinafter "Debtors"), by and through their attorney, Jorge L. Sanchez, of the law firm of SANCHEZ LAW GROUP, LTD., and move this Court to modify the rights of Bank of America pursuant to 11 U.S.C. § 506(a), and § 1322, and Bankruptcy Rules 3012 and 9014.

In support of this Motion, the Debtors assert the following:

1.      Debtors filed the instant Chapter 13, Case Number 09-17027-MKN on May 1, 2009.

2.      On the petition date, Debtors owned real property located at 7359 Topeka Drive, Las Vegas, Nevada 89147 (hereinafter the "Subject Property").

3.      The value of the Subject Property is $131, 500. (See Zillow.com estimate of property value attached hereto as Exhibit "a").

1

4.      At the time of the filing of Debtors' petition, the Subject property was subject to the following liens:

Wells Fargo Home Mortgage          First Mortgage: $163,735.00
8480 Stagecoach Circle
Frederick, MD 21701

Bank of America                    Second Mortgage: $52, 374.00
4161 Piedmont Parkway
Greenboro, NC 27410

* Please find "Schedule D of Debtors' Chapter 13 Petition attached hereto as Exhibit "b". As neither mortgage creditor as filed a proof of claim as of the filing of this Motion, and Debtors are required to prosecute the instant Motion prior to confirmation of their Chapter 13 plan, Debtors are relying upon both those balances and addresses reported to credit reporting agencies, as set forth on Debtors' Statements from the respective creditors and as previously recorded by said creditors with the Bankruptcy Court, where applicable, in support of this Motion.

5.      On the date the instant bankruptcy case was filed, no equity existed in the Subject Property above the claim of Wells Fargo Home Mortgage.

6.      Bank of America's second mortgage claim was wholly unsecured on the petition date and if the Subject Property was sold at auction Bank of America would receive nothing by way of its second mortgage claim.

7.      Accordingly, Debtors request that this Court find that Bank of America's second mortgage claim is  unsecured and should be reclassified as a general unsecured claim to receive pro rata distribution with other general unsecured creditors through the Debtors' Chapter 13 Plan.

<u>LEGAL ARGUMENT</u>

In *In re Zimmer*, 313 F3.3d 1220(9th Cir. 2002), the Court stated that a wholly unsecured lien holder's claim can be modified and reclassified as a general unsecured claim pursuant to 11 U.S.C. § 506(a), despite the anti-modification language in § 1322(b)(2).  Specifically the Court held:

Section 506(a) divides creditors' claims into "secured . . . claims" and unsecured claims." Although the conventional interpretation of "secured" might include any claim in which the creditor has a security interest in the debtor's property, § 506(a) makes clear that the status of a claim depends on the valuation of the property. An allowed claim of a creditor secured by a lien on

property in which the estate has an interest . . . is a secured claim to the extent of the value of such creditor's interest in the estate's interest as such property . . . and is an unsecured claim to the extent that the value of such creditor's interest . . . is less than the amount of such allowed claim. Put more simply, a claim such as a mortgage is not a "secured claim" to the extent that it exceeds the value of the property that secures it. Under the Bankruptcy Code, "secured claim" is a term of art and not every claim that is secured by a lien on property will be considered a "secured claim."

Here, it is clear that Bank of America's second mortgage claim for the repayment of its loan is an unsecured claim because its deed of trust is junior to he first deed of trust, and the value of the Subject Property.

Since Bank of America's second mortgage claim is wholly unsecured (in that there is no equity above the first mortgage on the Subject Property), Debtors request this Court reclassify Bank of America's second mortgage claim to a general unsecured claim to receive pro rata distribution with like unsecured creditors.

Further, Debtors request this Court strip Bank of America of its secured rights under State Law since no maintainable security interest in the subject property exists as to Bank of America's second mortgage claim.

Finally, Debtors are not required to file an adversary proceeding to achieve the requested relief herein. Debtors may bring a motion to "strip off" Bank of America's second mortgage lien by motion. *See In re Williams*, 166 B.R. 615(Bankr.E.D.Va.1994), In re Fuller, 255 B.R. 300(Bankr.W.D.Mich.2000).

Wherefore, Debtors pray this Court:

1.      "Strip off" and extinguish Bank of America's wholly unsecured second mortgage lien pursuant to 11 U.S.C., Section 506(a);

2.      Reclassify Bank of America's second mortgage claim as a general unsecured claim to be paid pro rata with other general unsecured creditors through the Debtors' Chapter 13 plan; and

///

///

1    3.    For such other relief the Court finds appropriate.

2

3    Dated: May 19, 2009

4                                                      Respectfully Submitted:

5                                                      /s/Jorge L. Sanchez, Esq. /s/
                                                       Jorge L. Sanchez, Esq.
6                                                      Attorney for Debtor

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# Exhibit "A"

**Zillow.com**

---

## 7359 Topeka Dr

Las Vegas NV 89147

3 beds, 2.0 baths, 1,185 sq ft
**Zestimate®: $131,500**

Get a free professional estimate
**My Estimate:**

**Monthly Payment: $ 562 edit**
ING DIRECT 5/1 ARM–See Rates today!

### Bird's Eye View



See a

### Home Info

**Public Facts:**
- Single family
- 3 beds
- 2.0 bath
- 1,185 sqft
- Lot 4,356 sqft
- Built in 1985

### Neighborhood: 89147

**Nearby Schools:**

**District:**
Clark
**Primary:**
Frank Kim Elementary ...
**Middle:**
Grant Sawyer Middle ...
**High:**
Durango High School

See more 89147 local information

### Charts & Data



See all charts & data

ZESTIMATE®: $131,500

**Interested in selling this house?**
Work with an agent from
Prudential Americana Group,
REALTORS to get a professional
estimate.

**First Name***

**Last Name***

**Email Address***

Value Range: $95,995 –
$138,075
30-day change: –$2,500
*Zestimate updated: 05/18/2009*

**Last sale and tax info**

**Sold 07/26/2002:**
    $130,000
**2009 Property Tax:**
    $1,350

: 42 – Car-Dependent

**Phone Number***

(          )          –

ext.

**Message (optional)**

Or call (888) 321-0667

---

**Street Map**

**7359 Topeka Drive, Las Vegas, NV**
  Bird's eye view and larger map for 7359 Topeka Dr

**Alternate Addresses**
7359, topeka, dr, driv, drive, drv, las vegas, las vega s, las vega so, las
vega south, las vegas, las vegaso, las vegasouth, lasvega s, lasvega
so, lasvega south, lasvegas, lasvegaso, lasvegasouth, nv

# Exhibit "B"

B6D (Official Form 6D) (12/07)

In re     **Mario E Membreno,**                               Case No.    **09-17027**
           **Paola Membreno**
                                      ,
                               Debtors

# SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number of all entities holding claims secured by property of the debtor as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. List creditors holding all types of secured interests such as judgment liens, garnishments, statutory liens, mortgages, deeds of trust, and other security interests.

List creditors in alphabetical order to the extent practicable. If a minor child is a creditor, the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m). If all secured creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor" ,include the entity on the appropriate schedule of creditors, and complete Schedule H - Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H", "W", "J", or "C" in the column labeled "Husband, Wife, Joint, or Community".

If the claim is contingent, place an "X" in the column labeled "Contingent". If the claim is unliquidated, place an "X" in the column labeled "Unliquidated". If the claim is disputed, place an "X" in the column labeled "Disputed". (You may need to place an "X" in more than one of these three columns.)

Total the columns labeled "Amount of Claim Without Deducting Value of Collateral" and "Unsecured Portion, if Any" in the boxes labeled "Total(s)" on the last sheet of the completed schedule. Report the total from the column labeled "Amount of Claim" also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts, report the total from the column labeled "Unsecured Portion" on the Statistical Summary of Certain Liabilities and Related Data.

☐   Check this box if debtor has no creditors holding secured claims to report on this Schedule D.

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | Husband, Wife, Joint, or Community | | DATE CLAIM WAS INCURRED, NATURE OF LIEN, AND DESCRIPTION AND VALUE OF PROPERTY SUBJECT TO LIEN | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|---|
| | | H W | J C | | | | | | |
| Account No.<br><br>**Wells Fargo Hm Mortgag**<br>**8480 Stagecoach Cir**<br>**Frederick, MD 21701** | | | C | **PRIMARY RESIDENCE**<br>**7359 Topeka Drive**<br>**Las Vegas, NV  89147**<br>**SPRING VALLEY COTTAGES #1A**<br>**PLAT BOOK 30 PAGE 17**<br>**LOT 26 BLOCK 5**<br>**SEC 22 TWP 21 RNG 60** | | | | | |
| | | | | Value $            **132,500.00** | | | | **163,735.00** | **31,235.00** |
| Account No. | | | | | | | | | |
| | | | | Value $ | | | | | |
| Account No. | | | | | | | | | |
| | | | | Value $ | | | | | |
| Account No. | | | | | | | | | |
| | | | | Value $ | | | | | |

**0**     continuation sheets attached

| | Subtotal (Total of this page) | **163,735.00** | **31,235.00** |
|---|---|---|---|
| | Total (Report on Summary of Schedules) | **163,735.00** | **31,235.00** |

Copyright (c) 1996-2009 - Best Case Solutions - Evanston, IL - (800) 492-8037                         Best Case Bankruptcy